Filed 6/5/13  P. v. Sazo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>ERNEST SAZO,<br><br>     Defendant and Appellant. | C071038<br><br>(Super. Ct. No. 11F01229) |

About 1:00 p.m. on February 14, 2011, officers went to a residence to arrest Rosanna Sazo.  Officer Aaron Thompson saw defendant Ernest Sazo walk quickly across the backyard toward a shed.  Officer Thompson reported what he had seen to Officer Brandon Hann.  Officer Hann approached the shed, found no one inside, but found defendant standing in the two-foot space between the shed and the fence.  On the ground, a few feet away from where defendant had been standing, the officer found a glass pipe for smoking methamphetamine and a black bag under a lifter weight.  In the black bag, the officer found five baggies containing a total of over 23 grams of methamphetamine, marijuana, two metal spoons, a pipe for smoking marijuana, a writing pen, a blue canvas bag, a sunglass bag, and a total of 22 unused baggies inside a larger baggie with an apple

1

logo printed on it. On defendant's person, the officer found $1,351.63 in various denominations (eight $100 bills, six $50 bills, twelve $20 bills, ten $1 bills) and $1.63 in change. An expert testified that defendant possessed the methamphetamine for sale.

At trial, the prosecutor was allowed to present evidence of subsequent uncharged conduct. On May 6, 2011, in Yuba County, defendant was found inside the home of a parolee whose house was being searched. Defendant's hand was inside a black bag which contained over seven grams of methamphetamine in a baggie, numerous packaging baggies, and a glass pipe for smoking methamphetamine. Within inches of the black bag, an officer found a scale, more small baggies inside a larger baggie with an apple logo printed on it, and about $100. On defendant's person, the officer found about $60. An expert testified the methamphetamine was possessed for sale.

Defendant's nephew testified that the methamphetamine and marijuana found on February 14 belonged to him and was for his personal use.

A jury found defendant guilty of possession of methamphetamine for sale. The court sentenced defendant to the upper term of three years to be served in county jail.

Defendant appeals. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

While we find no arguable error that would result in a disposition more favorable to defendant, we find errors in the abstract of judgment. The trial court imposed penalty assessments of $130 each on the "lab fee" and the "drug program fee." However, the abstract of judgment fails to note these two penalty assessments. We therefore will remand the case to the trial court to correct the abstract of judgment.

## DISPOSITION

The judgment is affirmed.  The case is remanded to the trial court to prepare a corrected abstract of judgment listing the two penalty assessments of $130 each and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


      ROBIE    , J.


We concur:


    HULL    , Acting P. J.


    DUARTE    , J.

3